IN THE COUNTY COURT, SEVENTH JUDICIAL CIRCUIT
IN AND FOR ST. JOHNS COUNTY, FLORIDA

MATT SYLVESTER,            CASE NO: CC21-2952

    Plaintiff,

v.

USAA FEDERAL SAVINGS BANK, ALLTRAN FINANCIAL, LP

    Defendants,
_____/

## COMPLAINT

Matt Sylvester ("Plaintiff" OR "Mr. Sylvester") by and through his attorneys, hereby sues USAA Federal Savings Bank ("USAA") and Alltran Financial, LP ("Alltran") and alleges as follows:

### JURISDICTION AND VENUE

1. This is an action for damages in an amount less than $30,000.00 and for a declaratory judgment.

2. This Court has jurisdiction.

3. Plaintiff is an individual residing in St. Johns County, Florida.

4. Defendant USAA is a Financial Institution doing business in St. Johns County, Florida.

5. Defendant Alltran is a foriegn limited partnership conducting business in St. Johns County, FL.

6.	Venue is proper in St. Johns County because the Defendants the actions giving rise to the cause of action occurred there.

## FACTS COMMON TO ALL CAUSES OF ACTION

7.	On July 11, 2017, a dissolution of marriage was finalized between the Plaintiff and his then wife, Susan Sylvester.  (A copy of the Final Judgment is attached hereto as Exhibit A.)

8.	In the Final Judgment, Susan Sylvester was responsible for the debts related to two USAA accounts totalling approximately $3,198.00 ("the USAA Credit Cards").

9.	Rather than pay off the cards, Susan Slyvester ran up debt on the cards, without the permission of Plaintiff.

10.	The USAA Credit Cards were not closed and continued to be used by Susan Sylvester without Mr. Sylvester's knowledge or permission.

11.	USAA is reporting the debt associated with the USAA Credit Cards on Mr. Sylvester's credit report.

12.	Mr. Sylvester's credit report is being negatively impacted by USAA's reporting.

13.	On multiple occasions Mr. Sylvester has asked USAA to stop reporting the USAA Credit Card debt to the consumer reporting agencies.  Mr. Slyvester informed USAA that the debt was procured by fraud and without his knowledge. USAA still continues to report the debt.

14.	A representative of USAA even acknowledged to Plaintiff that USAA was aware that Mr. Sylvester did not sign for any of the debt.

15.	USAA continues to claim the credit reporting is accurate.

2

## COUNT I: DECLARATORY JUDGMENT AGAINST USAA

16.     Mr. Sylvester reallege paragraphs 1 through 15, above and incorporates them by reference.

17.     Mr. Sylvester brings this Count pursuant to Chapter 86 of the Florida Statutes which governs declaratory judgments.

18.     Pursuant to Section 86.011, Florida Statutes, Plaintiff is entitled to have the Court determine the existence or non-existence of facts.  In particular, the Court must determine wether or not Mr. Sylvester is liable for the USAA Credit Card debt.

19.     Pursuant Final Judgment of Dissolution of Marriage, the USAA Credit Card debt was the responsibility of Susan Sylvester.

20.     Plaintiff did not incur the debt and the cards were used without his permission and knowledge.

21.     Accordingly, Mr. Sylvester respectfully requests the Court to enter judgment declaring:

   a. That he is not liable for the debt incurred on USAA credit card ending in 9440;

   b. That he is not liable for the debt incurred on USAA credit card ending in 1163.

## COUNT II – FCCPA VIOLATION AGAINST ALLTRAN

22.     Mr. Sylvester re-alleges the allegations contained in paragraphs 1 through 15 as if fully set forth herein.

23. This is an action for damages under the Florida Consumer Collection Practices Act ("FCCPA")

24. Plaintiff is a "consumer" and "debtor" as defined by Florida Statutes 599.55(1).

25. Defendant is a "person" for the purpose of this cause of action.

26. Plaintiff informed USAA that the debt associated with the USAA Credit Cards was not legitimate and such charges were done without his knowledge and permission.

27. Rather than investigate further and remove the fraudulent charges, USAA proceeded to transfer collection of the USAA Credit Cards to Alltran.

28. Section 559.72(9) Florida Statutes, sets forth in pertinent part:

"In collecting consumer debts, no person shall:
Claim, attempt or threaten to enforce a debt when such person knows that the debt is not legitimate, or assert the existence of some legal right when such person knows that the right does not exist."

29. Alltran was aware that the debt associated with the USAA Credit Cards was the product of fraud and there was no right to collect on the debt. Despite this, Alltran contacted Mr. Sylvester via phone to attempt to collect the alleged debt. Said phone communication was a violation of Sec. 599.72(9) Florida Statutes.

30. As a direct and proximate cause of Defendant's actions, Plaintiff has been damaged.

**WHEREFORE,** the Plaintiff requests this Honorable Court enter Final Judgment in his favor, awarding the Plaintiff $1,000.00 in statutory damages, attorney fees and costs, and grant such further relief as is appropriate.

Jury Trial is demanded on all counts so triable.

4

Respectfully submitted:

**NAPLES & SPENCE, Attorneys at Law, PLLC**
2807 North Tenth Street
St. Augustine, Florida 32084
(904) 657-7117 (main)
(904) 429-1351 (fax)

*/s/ John J. Spence.*
**John J. Spence., Esq.**
Florida Bar No. 70724
**David D. Naples, Jr., Esq.**
Florida Bar No. 99064
**SERVICE EMAIL:**
**SERVICE@NAPLESANDSPENCELAW.COM**

5