# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

MATT SYLVESTER,

        Plaintiff,

vs.                                 Case No.  3:21-cv-1012-MMH-MCR

USAA FEDERAL SAVINGS BANK
and ALLTRAN FINANCIAL, LP,

        Defendants.

_____/

## O R D E R

**THIS CAUSE** is before the Court on Plaintiff Matt Sylvester's Motion to Remand (Doc. 10; Motion), filed October 25, 2021. Defendant USAA Federal Savings Bank (USAA) timely filed a response. See Defendant USAA Federal Savings Bank's Response in Opposition to Plaintiff's Motion to Remand (Doc. 15; Response), filed November 8, 2021. Accordingly, this matter is ripe for review.

## I.    Background

Sylvester initiated this action in state court on August 30, 2021, by filing a two-count Complaint (Doc. 7; Complaint) against USAA and Defendant Alltran Financial, LP (Alltran). See id. ¶¶ 4–5, 17, 23. According to the factual allegations in the Complaint, this dispute arises from two credit cards issued

by USAA. <u>See</u> <u>id.</u> ¶¶ 8, 11. Sylvester alleges that, pursuant to a divorce judgment, his ex-wife is responsible for the debt on those credit cards and that she used the cards "without Mr. Sylvester's knowledge or permission." <u>See</u> <u>id.</u> ¶¶ 8, 10. Sylvester asserts that "USAA is reporting the debt associated with the USAA Credit Cards on Mr. Sylvester's credit report" and that his "credit report is being negatively impacted by USAA's reporting." <u>Id.</u> ¶¶ 11–12. According to Sylvester, USAA continues to report the debt on his credit report even after he informed USAA that he is not responsible for the credit cards. <u>See</u> <u>id.</u> ¶¶ 13–15. In Count I of the Complaint, pursuant to section 86.011 of the Florida Statutes, Sylvester seeks a declaratory judgment that he is not liable for the debts owed on the credit card accounts. <u>See</u> <u>id.</u> ¶¶ 18, 21. In Count II, Sylvester brings an "action for damages under the Florida Consumer Collection Practices Act" (FCCPA) against Alltran only. <u>See</u> <u>id.</u> ¶¶ 23, 29.

On October 8, 2021, USAA removed the case to this Court. <u>See</u> Notice of Removal (Doc. 1; Notice). In the Notice, USAA asserts that this Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331. <u>See</u> <u>id.</u> at 2. USAA represents that the face of the Complaint implicates a federal claim under the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681. <u>See</u> Notice at 3. Sylvester disagrees, and as such, on October 25, 2021, filed his Motion seeking remand. <u>See generally</u> Motion. In the Motion, Sylvester argues that the Court should remand this case to the state court because his claims do not arise under federal

law, and as a result, this Court lacks subject matter jurisdiction over the case. Id. at 3. Sylvester maintains that his two claims arise purely under state law, and that he is not bringing his claims under the FCRA, does not seek damages under the FCRA, and makes no mention of the FCRA in the Complaint. See id. In its Response, USAA argues that subject matter jurisdiction "will lie over state-law claims that implicate significant federal issues."   Response at 3 (quoting Grable & Sons Metal Prods., Inc. v. Darue Eng'g & Mfg., 545 U.S. 308, 311–12 (2005)).   USAA also asserts that "a well-pleaded state law claim presents a federal question when a federal statute has completely preempted that particular area of law."   Id.   According to USAA, the FCRA preempts inconsistent state law, and "the allegations and requested relief in the Complaint implicate the federal preemption of the FCRA, providing support for removal." Id. at 4.

## II.     Standard of Review

"The existence of federal jurisdiction is tested as of the time of removal." Ehlen Floor Covering, Inc. v. Lamb, 660 F.3d 1283, 1287 (11th Cir. 2011); see also Adventure Outdoors, Inc. v. Bloomberg, 552 F.3d 1290, 1294–95 (11th Cir. 2008).   "In a given case, a federal district court must have at least one of three types of subject matter jurisdiction: (1) jurisdiction under a specific statutory grant; (2) federal question jurisdiction pursuant to 28 U.S.C. § 1331; or (3) diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)." Baltin v. Alaron Trading

Corp., 128 F.3d 1466, 1469 (11th Cir. 1997).   "In determining whether jurisdiction exists under 28 U.S.C. § 1331, a court must look to the well-pleaded complaint alone." Adventure Outdoors, 552 F.3d at 1295; see also Kemp v. Int'l Bus. Mach. Corp., 109 F.3d 708, 712 (11th Cir. 1997) ("A case does not arise under federal law unless a federal question is presented on the face of plaintiff's complaint.").   In order for the removing defendant to meet its burden of proving proper federal jurisdiction, "the defendant[ ] must show that the plaintiff['s] complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction." Adventure Outdoors, 552 F.3d at 1294–95; see also Ehlen Floor Covering, 660 F.3d at 1287.   Notably, "[a]ny doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." Adventure Outdoors, 552 F.3d at 1294.

## III.   Discussion

Having reviewed the Complaint, the arguments, and the applicable law, the Court finds that remand is warranted.  In the Complaint, Sylvester asserts only state law claims and does not mention the FCRA or any other federal law. USAA asserts that Sylvester's state law claims implicate significant federal issues because the FCRA has completely preempted this area of law.   See Response at 3–4.  The Court recognizes that even when a plaintiff has pled only state law causes of action, "he may not avoid federal jurisdiction if either (1) his state-law claims raise substantial questions of federal law or (2) federal law

completely preempts his state-law claims." See Dunlap v. G&L Holding Grp. Inc., 381 F.3d 1285, 1290 (11th Cir. 2004).  However, Sylvester's Complaint does neither.

The doctrine of complete preemption does not provide subject matter jurisdiction in this case.[1]  In determining whether removal to federal court is proper on the grounds that a claim is preempted by federal law, it is important to recognize "the differences between 'complete' preemption and 'ordinary' preemption." See Geddes v. Am. Airlines, Inc., 321 F.3d 1349, 1352 (11th Cir. 2003) (citation omitted).  Only the former will support removal jurisdiction, and "the doctrine of complete preemption is extremely limited." Stern v. Int'l Bus. Machines Corp., 326 F.3d 1367, 1371 (11th Cir. 2003).  As the Eleventh Circuit Court of Appeals has explained, preemption generally "is the power of federal law to displace state law substantively." Geddes, 321 F.3d at 1352.  Ordinary preemption is an affirmative defense that "asserts that the state claims have been substantively displaced by federal law." Id.  However, this affirmative defense does not allow removal of the case.  Id. at 1352–53.  In contrast, complete preemption "is a narrowly drawn jurisdictional rule for assessing federal removal jurisdiction when a complaint purports to raise only state law

---

[1]  Although USAA cites to Grable, a major decision regarding the substantial questions doctrine, USAA does not argue for the application of this doctrine independently of the complete preemption doctrine.  See Response at 3–5.  Therefore, the Court addresses only preemption in this Order.

claims." Id. at 1353.  This jurisdictional rule "looks beyond the complaint to determine if the suit is, in reality, 'purely a creature of federal law,' even if state law would provide a cause of action in the absence of the federal law."  Id. (quoting Caterpillar, Inc. v. Williams, 482 U.S. 386, 393 (1987)).  Notably, "complete preemption can be found only in statutes with 'extraordinary' preemptive force" that is "clearly expressed" by Congress.  Id.  If this extraordinary preemptive force is absent and "[i]f no other grounds for federal jurisdiction exist in such cases, then it falls to the state courts to assess the merits of the ordinary preemption defense." Id.

Here, the Court is not convinced that the Complaint implicates the FCRA at all.  Even if the FCRA is properly at issue in this case, USAA's argument for removal appears to rest only on ordinary preemption, not complete preemption. See Response at 4–5.  USAA cites several cases applying ordinary preemption, but none of those cases even suggest that the FCRA has extraordinary preemptive force such that removal jurisdiction is proper.  See Response at 4 (citing Macpherson v. JPMorgan Chase Bank, N.A., 665 F.3d 45, 46–48 (2d Cir. 2011) (per curiam); Rabelo v. Equifax Info. Servs., LLC, No. 2:19-CV-849-38NPM, 2020 WL 1159372, at *2 (M.D. Fla. Mar. 10, 2020); Osborne v. Vericrest Fin., Inc., No. 8:11-CV-716-T-30TBM, 2011 WL 1878227, at *3 (M.D. Fla. May 17, 2011); Hamilton v. DirecTV, Inc., 642 F. Supp. 2d 1304, 1306–07 (M.D. Ala.

2009)).[2] Thus, citation to these cases is unavailing.  His citation to the Eleventh Circuit's decision in <u>Lockard v. Equifax, Inc.</u>, is likewise unhelpful as it is easily distinguishable from Sylvester's case.  <u>See</u> 163 F.3d 1259 (11th Cir. 1998).  Unlike Sylvester, the plaintiff in <u>Lockard</u> expressly alleged an FCRA claim in his complaint filed in state court.  <u>See</u> <u>id.</u> at 1262.  The plaintiff there argued that the FCRA prohibits removal to federal court because the FCRA grants concurrent jurisdiction to state courts.  <u>See</u> <u>id.</u> at 1263.  The Eleventh Circuit disagreed and held only that, by granting concurrent jurisdiction to state courts, the FCRA does not bar removal of a case to federal court.  <u>See</u> <u>id.</u> at 1263–65.

A number of district courts in the Eleventh Circuit have specifically addressed the question of whether the FCRA is a complete preemption statute and have found that it is not.  <u>See</u> <u>Ponder v. Experian Info. Sols., Inc.</u>, No. 1:20-CV-4548-CAP-JSA, 2021 WL 3398158, at *7, *9 (N.D. Ga. June 15, 2021) ("[B]ecause the FCRA expressly states that it does not completely preempt certain state law claims, Experian cannot argue that the 'super preemption' doctrine applies in this case to bar any and all state-law claims against a consumer reporting agency, or arising out of conduct governed by the FCRA."),

---

[2]  In <u>Macpherson</u>, diversity of citizenship provided the federal courts with subject matter jurisdiction.  <u>See</u> <u>Macpherson v. JPMorgan Chase Bank, N.A.</u>, No. 3:09-cv-1774 (AWT) (D. Conn. Dec. 16, 2009) (Doc. 20).  In <u>Rabelo</u>, <u>Osborne</u>, and <u>Hamilton</u>, the courts had subject matter jurisdiction because the plaintiffs affirmatively raised claims under the FCRA.  <u>See</u> <u>Rabelo</u>, 2020 WL 1159372, at *1; <u>Osborne</u>, 2011 WL 1878227, at *1; <u>Hamilton</u>, 642 F. Supp. 2d at 1304.  Thus, these courts were not called upon to consider or apply complete preemption.

report and recommendation adopted, No. 1:20-CV-4548-CAP, 2021 WL 3403527 (N.D. Ga. July 7, 2021); Williams v. Charter Commc'ns, Inc., No. 2:20CV471-MHT, 2020 WL 6581115, at *2–3 (M.D. Ala. Nov. 10, 2020) ("[T]he defendants have not shown, and this court's review has not found, any indication that Congress intended FCRA to completely preempt state law so as to grant removal jurisdiction."); Watkins v. Trans Union, L.L.C., 118 F. Supp. 2d 1217, 1222–23 (N.D. Ala. 2000) ("Congress explicitly contemplated state courts entertaining FCRA actions.").[3]  The reasoning of these opinions is persuasive. The Court finds no evidence that the FCRA has extraordinary preemptive force such that any claim involving credit reporting may be removed to federal court. Because the face of the Complaint alleges only state law claims that are not completely preempted by the FCRA, the Court determines that it lacks subject matter jurisdiction over this action.[4]  As such, Sylvester's Motion is due to be granted.

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects).

[4] The Court cautions that it is not deciding whether ordinary preemption applies to any part of Sylvester's claims.  See Williams, 2020 WL 6581115, at *3 n.2 ("Whether [the FCRA] is applicable and whether there is ordinary preemption are issues left for resolution by the state court after remand.").  That decision is for the court that has the authority to adjudicate Sylvester's claims, and this Court does not.

## IV.   Fees and Costs

In the Motion, Sylvester also requests an award of attorney's fees and costs incurred as a result of the improper removal.  See Motion at 4.  Indeed, 28 U.S.C. § 1447(c) provides that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal."  Pursuant to this statute, "[a]bsent unusual circumstances, courts may award attorney's fees . . . only where the removing party lacked an objectively reasonable basis for seeking removal."  See Martin v. Franklin Capital Corp., 546 U.S. 132, 141 (2005).  "Conversely, when an objectively reasonable basis exists, fees should be denied."  Id.  This reasonableness standard is "the result of balancing 'the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied.'"  Bauknight v. Monroe Cnty., Fla., 446 F.3d 1327, 1329 (11th Cir. 2006) (quoting Martin, 546 U.S. at 140).  Notably, "defendants deserve some leniency for good faith removals predicated on legal or factual errors because they are required to make the decision to remove soon after receiving the complaint;" nonetheless, "a removal must still be grounded in some objectively reasonable basis when it occurs."  Gonzalez v. J.C. Penney Corp., 209 F. App'x 867, 870 (11th Cir. 2006) (per curiam) (citing Bauknight, 446 F.3d at 1331).

Upon review, the Court declines to find that USAA did not have an objectively reasonable basis for removal.  The Complaint contains several allegations regarding credit reporting.  See Complaint ¶¶ 11–15.  At least two district courts have permitted removal of state law claims regarding credit reporting based on the FCRA's preemption of state law.  See Crump v. Bank of Am., No. 16-362(NLH/AMD), 2016 WL 4926425, at *4 (D.N.J. Sept. 14, 2016); Williams v. Metro. Life Ins. Co., No. 94 CIV. 3791 (CSH), 1994 WL 529880, at *2 (S.D.N.Y. Sept. 28, 1994).  Although a district court in the Eleventh Circuit criticized those decisions, see Williams, 2020 WL 6581115, at *2 n.1, no binding circuit court or Supreme Court precedent foreclosed USAA's argument.  See MSP Recovery Claims, Series LLC v. Hanover Ins. Co., 995 F.3d 1289, 1296 (11th Cir. 2021) ("[T]he district court here decided that the insurance companies had an objectively reasonable basis to remove, and no precedent from this Court or the Supreme Court barred removal.  Accordingly, we cannot say the district court abused its discretion in declining to award attorney's fees and costs."); see also Ponder, 2021 WL 3398158, at *11 ("The Court finds that . . . Experian made a good-faith argument that the FCRA governs the Plaintiff's claim, and thus, that it had an objectively reasonable basis for removing this action to this Court.").  In exercising its discretion regarding an award of attorney's fees and costs, the Court also notes that Sylvester did not support his request with any argument that USAA lacked an objectively reasonable basis for removal or any

evidence that USAA filed the Notice in bad faith. Therefore, the Court will deny the Motion to the extent that it requests an award of attorney's fees and costs. Accordingly, it is

**ORDERED:**

1.  Plaintiff's Motion to Remand (Doc. 10) is **GRANTED, in part,** and **DENIED, in part**.

    A.  The Motion is **GRANTED** to the extent that the Clerk of the Court is **DIRECTED** to remand this case to the County Court of the Seventh Judicial Circuit in and for St. Johns County, Florida, and transmit a certified copy of this Order to the clerk of that court.

    B.  The Motion is **DENIED** to the extent that Plaintiff requests an award of attorney's fees and costs.

2.  The Clerk of the Court is further **DIRECTED** to terminate all other pending motions and close the file.

**DONE AND ORDERED** in Jacksonville, Florida, on March 29, 2022.

**MARCIA MORALES HOWARD**
United States District Judge

lc30
Copies to:

Counsel of Record
Clerk, Seventh Judicial Circuit